ELIZA A. GREEN, Plaintiff and Respondent, v. RICHARD SQUIRES and others, Defendants.

WILLIAM C. LESSTER, Appellant.

*Order for service of summons by publication — when sufficient — Code of Civil Procedure, § 440.*

In an action for the foreclosure of a mortgage the plaintiff made the unknown devisees, under a supposed will of the deceased mortgagor, parties defendant, and applied for an order directing the service of the summons upon them by publication. The plaintiff's affidavit showed that he had been unable to ascertain whether the mortgagor devised the premises by any last will, for which reason the devisees under such will, if any, were unknown to the plaintiff, and were made parties defendant. The order, after referring to the affidavit and directing the service of the summons by publication, proceeded, "and it satisfactorily appearing to me that the plaintiff cannot, with reasonable diligence, ascertain a place or places where the defendants * * * would probably receive matter transmitted through the post-office, the deposit of any papers therein, directed to said defendants, is dispensed with."

*Held,* that the order was sufficient, and that it was not necessary that the order should state that it satisfactorily appeared to the justice "by the affidavits on which the order was granted." that the plaintiff could not ascertain the residence of the unknown devisees.

It is sufficient if the order directing the publication designate by name two papers in which the publication shall be made; it is not necessary that the order should state that those so designated are most likely to give notice to the defendants.

APPEAL by W. C. Lesster from an order compelling him to complete his purchase on a foreclosure sale.

This action was brought to foreclose a mortgage upon lands in the city of New York. Mary Jane Squires, the mortgagor, died seized of the mortgaged premises, February 10, 1878.

She left her surviving, her husband, Richard Squires, and a daughter, Mary E. McKinley, wife of Charles McKinley, all of whom resided at Oil City, Pennsylvania, and who are defandants in this action.

Plaintiff was unable to ascertain whether or not the deceased devised these premises by will, and accordingly, to meet the possibility of such devise, made as parties defendant "the devisees of Mary Jane Squires, deceased, who are unknown to this plaintiff."

Plaintiff applied, upon affidavits, for an order directing service of the summons by publication; an order was made, its provisions were complied with, and a decree of foreclosure and sale was entered August 29, 1878; a sale was had under the decree; the appellant, Lesster, became the purchaser, and upon examination rejected the title, upon written notice to the plaintiff's attorneys and to the referee.

A motion was made to compel him to take title notwithstanding his objections, and upon the hearing the court passed upon such of the objections as affected the regularity of the judgment, and made an order compelling him to take title, from which order this appeal is taken.

It was provided in the order, among other things, "that service of the summons in the above entitled action upon the defendants, Richard Squires, Mary E. McKinley, Charles McKinley, her husband, and the devisees of Mary Jane Squires, deceased, who are unknown to the plaintiff, be made by publication thereof, with the notice required by law, in two newspapers, to wit: the State paper, published in the city of Albany, called the Argus, and in the New York Register, published in the city of New

York, once a week for six successive weeks, or at the option of the plaintiff by service of the summons and of the complaint and of this order (with the notice required by law) upon said defendants personally without the State. * * *

"And it satisfactorily appearing to me that the plaintiff cannot, with reasonable diligence, ascertain a place or places where the defendants, the devisees of Mary Jane Squires, deceased, who are unknown to the plaintiff, would probably receive matter transmitted through the post-office, the deposit of any papers therein, directed to said defendants is dispensed with. ·

"C. DONOHUE, J."

*Geo. E. Horne*, for the appellant.

*Theo. Arnold*, for the respondent.

BARRETT, J.:

This was an action to foreclose a mortgage. The mortgagor died seized of the premises (apparently intestate), and her heir at law was made a party defendant. The plaintiff, for greater security, made "the unknown devisees" under a supposed will parties defendant, and proceeded against them by publication. The action went to judgment and sale, but the purchaser declined to complete, on the ground that the order of publication was void. He contends that the order irregularly dispensed with deposit of the papers in the post-office addressed to these unknown devisees. His point is, that section 440 of the New Code requires a statement that the judge was satisfied *by the affidavits on which the order was granted* that the plaintiff could not with reasonable diligence ascertain the place or places where the defendants would probably receive mail matter. The order in question states that it so satisfactorily appears to the judge, but the words "by affidavits," etc., are omitted in that immediate connection. The entire order, however, is granted upon two affidavits which are recited, and which sufficiently prove the required fact. These affidavits show that the plaintiff has been unable to ascertain whether the mortgagor devised the premises by any last will and testament, for which reason the devisees, who are unknown, were made parties.

The order also recites that the affidavits satisfactorily prove that the devisees are unknown, and that neither their names nor residence can be ascertained. From this it satisfactorily appeared that the plaintiff could not very well ascertain the place where mail matter would reach *the unknown.* The order to dispense with the deposit being made upon those affidavits, the proper facts *did* satisfactorily appear therefrom. An order which recites that it is made upon certain affidavits followed by the words " it satisfactorily appearing to me," etc., is the equivalent of the statutory form of expression. The wording is substantially a statement that the judge, being satisfied by the affidavits, etc., dispenses with the deposit. The point is a very small one, and need not be dwelt upon further. At the same time we do not blame the purchaser for wishing the support of a judicial ruling.

The other point is equally untenable. The order requires the publication to be made in the State paper and in the Daily Register. That is a substantial compliance with the provision that the publication must be in two newspapers " designated *in the order* as most likely to give notice to the defendant." The law requiring the summons to be published in the State paper (the parties being unknown) and the Daily Register, necessarily declares that those official newspapers are most likely to give the required notice. Obedience to the law is a designation *in the order* of the newspapers most likely, etc.

The order should be affirmed, with ten dollars costs and disbursements.

DAVIS, P. J., concurred.

Present—DAVIS, P. J., and BARRETT, J.

Order affirmed, with ten dollars costs and disbursements.